UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHINELANDER HERNANDEZ, : | CIVIL ACTION NO. 1:21-0599 |
| Petitioner : | |
| v. : | (JUDGE MANNION) |
| WARDEN FPC-LEWISBURG, : | |
| Respondent : | |

## MEMORANDUM

Petitioner Rhinelander Hernandez, an inmate confined at the satellite prison camp at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He asks the Court to grant him time credits pursuant to the First Step Act ("FSA") and order his immediate release from custody. The petition has been fully briefed and is ripe for disposition. For the reasons set forth below, the Court will deny Hernandez's Section 2241 petition.

I. B<small>ACKGROUND</small>

Hernandez is serving a 120-month sentence imposed by the United States District Court for the Southern District of West Virginia on December 2, 2015. (Doc. 7-1 ¶3); United States v. Hernandez, No. 5:15-cr-00033-01,

Doc. 46 (S.D. W. Va. Dec. 7, 2015). His current projected release date, according to USP Lewisburg officials, is September 6, 2023. (Doc. 7-1 ¶3).

Hernandez contends that he has been participating in FSA-eligible programs and activities since 2016, calculating his earned time credits at 580 days. (Doc. 1 at 2). Under his calculations, he posits that he should be released immediately to begin a reduced period of supervised release. (Id. at 3). Respondents counter that Hernandez has failed to exhaust his administrative remedies and that, even if he had properly exhausted, his petition lacks merit.

## II. Discussion

Respondents maintain that Hernandez's petition fails for at least two reasons. They first assert that Hernandez has failed to exhaust his administrative remedies. They also contend that, even if he had exhausted his claims, those claims are meritless. The Court will take each argument in turn.

### A. Exhaustion of Administrative Remedies

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the

Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The federal Bureau of Prisons ("BOP") has a specific internal system through which federal prisoners can request review of any aspect of their imprisonment. See generally 28 C.F.R. §§542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. See id. §§542.13-.15.

  Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada,

684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982); see Cottillion v. United Refining Co., 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

Hernandez concedes that he did not attempt to exhaust administrative remedies. (Doc. 9 at 1). He appears to argue that this procedural default can be excused based on the futility and statutory-construction exceptions. Hernandez is mistaken.

Hernandez's pertinent BOP records, (Doc. 9 at 10), show completed and in-process FSA programming postdating enactment and implementation of the FSA, which indicates that his dispute involves more than just statutory construction. Moreover, Hernandez has not demonstrated in any way that administrative exhaustion would be futile or that there was cause for his procedural default. Because no exception applies, Hernandez's Section 2241 petition must be dismissed for failure to exhaust administrative remedies. See Moscato, 98 F.3d at 762.

B.     **Merits of Section 2241 Petition**

Even if exhaustion were somehow excused, Hernandez's petition fails on the merits. Under the FSA, the Attorney General was charged with development and release of a risk and needs assessment system (the "System") within 210 days of December 21, 2018—the date on which the FSA was enacted. See 18 U.S.C. § 3632(a). The System is utilized for (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction ("EBRR") programming appropriate for each inmate based on the prisoner's criminogenic needs; (4) periodically reassessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRR programs and "productive activities"[1] ("PAs"); (6) determining when to provide incentives and rewards for successful participation in EBRR programs and PAs; and (7) determining when the inmate is ready to transfer to  pre-release custody or supervised release. See id. In addition, the System provides guidance on the "type, amount, and

---

[1] The term "productive activity" is defined, in pertinent part, as "either a group or individual activity that is designed to allow prisoners determined as having a minimum or low risk of recidivating to remain productive and thereby maintain a minimum or low risk of recidivating." 18 U.S.C. §3635(5).

intensity of [EBRR] programming and [PA]s" to be assigned to each prisoner based on the inmate's specific criminogenic needs. See id. §3632(b).

The FSA allows eligible inmates who successfully complete EBRR programs or PAs to receive time credits to be applied toward time in pre-release custody or supervised release. See 18 U.S.C. §3632(d)(4)(A), (C). An inmate can earn 10 days of credit for every 30 days of successful participation. See id. § 3632(d)(4)(A)(i). Moreover, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn 5 additional days of time credit for every 30 days of successful participation, for a total of 15 days' time credit per 30 days' successful participation. Id. §3632(d)(4)(A)(ii). However, an inmate may not earn time credits for EBRR programs or PAs completed prior to the statute's enactment. See id. §3632(d)(4)(B)(i).

The Attorney General was allowed 210 days after the FSA was enacted to develop and publish the System, which the BOP then used as a guide to implement the EBRR programs and PAs. See id. §3632(a). The Attorney General published the System on July 19, 2019, and the BOP thus had 180 days, or until January 15, 2020, to implement it, complete assessments, and begin to assign prisoners to appropriate EBRR programs.

See Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. §3621(h)).

Although there are numerous eligibility requirements to receive time credits under the FSA, the question of Hernandez's eligibility begins and ends with his recidivism risk level under the System. Hernandez was assessed on three occasions: December 4, 2019; June 1, 2020; and December 9, 2020. (Doc. 9 at 10 (Inmate History, First Step)). Each time, he was found to be a "high risk" for recidivism. (Id.). But under the FSA, to be eligible for application of time credits when being placed in pre-release custody or supervised release, the inmate must have "been determined under the System to be a *minimum or low risk* to recidivate pursuant to" either the last two reassessments (in the case of pre-release custody) or the last reassessment (in the case of supervised release). See 18 U.S.C. §3624(g)(1)(D)(i)(I), (ii) (emphasis added). Because all of Hernandez's recidivism risk assessments under the System have been "high," even if he had completed eligible programming, he still could not receive the corresponding FSA time credits he seeks. Consequently, the Court cannot grant Hernandez relief under Section 2241.

## III. CONCLUSION

For the foregoing reasons, Hernandez's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be denied. An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 14, 2022**
21-599-01